IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNAP CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>NOCTION, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. _____ |

### COMPLAINT AND JURY DEMAND

Plaintiff INTERNAP CORPORATION ("Plaintiff" or "Internap"), hereby submits its Complaint against above-named Defendant NOCTION, INC. ("Defendant" or Noction"), as follows:

1.

Plaintiff is a Delaware corporation having its principal place of business in Atlanta, Georgia.

2.

Defendant is a Delaware corporation having its principal place of business in Sunnyvale, California, and may be served with the Summons and Complaint via its registered agent, Roger Royse, at 1717 Embarcadero Road, Palo Alto, California 94089, according to the records of the California Secretary of State.

3.

This is an action for patent infringement under Title 35 of the United States Code, as to which this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1338.

4.

This Court has personal jurisdiction over Defendant, as Defendant has committed acts of patent infringement in Georgia and regularly conducts business in this state.

5.

Venue in this Court is proper under 28 U.S.C. § 1400, as Defendant has committed acts of infringement in this judicial district.

6.

United States Patent No. 7,222,190 (the "190 patent," copy attached as Exhibit "A") was duly issued on May 22, 2007.

7.

Plaintiff, formerly known as Internap Network Services Corporation, is and has been the owner by assignment of the '190 patent at all times relevant to this action.

8.

United States Patent No. 7,668, 966 (the "'966 patent," copy attached as Exhibit "B") was duly issued on February 23, 2010.

9.

Plaintiff is and has been the owner by assignment of the 966 patent at all times relevant to this action.

## COUNT I

10.

Plaintiff incorporates the allegations in paragraphs 1-9 above.

11.

Defendant has infringed and is still infringing the 190 patent by making, selling, using or offering to sell products that embody the patented invention, including its "IRP" product, and defendant will continue to do so unless enjoined by this Court.

## COUNT II

12.

Plaintiff incorporates the allegations in paragraphs 1-11 above.

13.

Defendant may have also infringed and may also still be infringing the 966 patent with its "IRP" product. Plaintiff, however, is unable to determine whether the 966 patent has been infringed without ascertaining in discovery the algorithms used in the "IRP."

WHEREFORE, Plaintiff requests that the Court award plaintiff damages, an injunction, interest, costs and attorney fees, and all additional relief to which plaintiff is entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

This 5th day of December, 2014.

|  |  |
|---|---|
| **STITES & HARBISON, PLLC**<br>303 Peachtree Street, N.E.<br>2800 SunTrust Plaza<br>Atlanta, Georgia 30308<br>Telephone: (404) 739-8800<br>Facsimile: (404) 739-8870 | /s/ Ronald J. Stay<br>Ron C. Bingham, II, Esq.<br>Georgia Bar No. 057240<br>rbingham@stites.com<br>Ronald J. Stay<br>Georgia Bar No. 621732<br>rstay@stites.com<br>*COUNSEL FOR PLAINTIFF* |
| **WARNER NORCROSS & JUDD LLP**<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan 49503<br>Telephone: (616) 752-2164<br>Facsimile: (616) 222-2164 | James Moskal (P41885)<br>jmoskal@wnj.com<br>*CO-COUNSEL FOR PLAINTIFF* |